# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:15-CR-9-JDK |
| vs. § | |
| § | |
| § | |
| RYAN PATRICK COATES (1) § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On March 23, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Ryan Patrick Coates was sentenced on December 3, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. Defendant was sentenced to 57 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and payment of the $100 special assessment.

Defendant completed his term of imprisonment and started his term of supervised release on July 19, 2019. The case was re-assigned to United States District Judge Jeremy D. Kernodle on October 2, 2020.

## *Allegations*

In the 1st Amended Petition seeking to revoke Defendant's supervised release, filed on January 6, 2021, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 2): The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.** It is alleged that Defendant failed to report to the probation office for a scheduled office visit on Monday, December 28, 2020, at 9:00 a.m.

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted a urine specimen that tested positive for methamphetamine/amphetamine on October 1, 2020.

3. **Allegation 3 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** It is alleged that Defendant associated with an individual who was smoking methamphetamine/amphetamine on or about October 1, 2020.

4. **Allegation 4 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.** It is alleged that Defendant failed to submit random urine specimens as required by the Random Drug Testing Program on October 14 and 30; November 5; and December 10, 2020. It is also alleged that Defendant failed to attend scheduling counseling sessions with Ms. young on December 14 and 28, 2020.

5. **Allegation 5 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Tyler Police Department on December 29, 2020 for allegedly committing the offenses of Unauthorized Use of a Motor Vehicle, Possession of a Controlled Substance PG 1 < 1 G and Driving with Invalid License with Previous Convictions.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine/amphetamine or committing the offenses of Unauthorized Use of a Motor Vehicle and Possession of a Controlled Substance as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline range for a Grade B violation is 12 to 18 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report, using methamphetamine/amphetamine, associating with someone involved in criminal activity, failing to submit random urine specimens, failing to attend outpatient substance abuse counseling, or committing the offense of Driving with Invalid License with Previous Convictions as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline range for a Grade C violation is 6 to 12 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On March 23, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 6 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation for designation at FCI Texarkana.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 6 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 6 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 6 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 23rd day of March, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE